IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>LUCIANO AVENDAN MONTOYA ,<br><br>     Defendant. | **ORDER**<br><br>Case No. 2:07-CV-00903<br>*related to 2:04-CR-673 DB* |

Defendant Luciano Avendan Montoya moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Having reviewed the briefing and relevant law, the Court now denies the Defendant's motion.

BACKGROUND

On September 3, 2004, a law enforcement officer stopped the Defendant's car in Orem, Utah.  Pursuant to this stop, law enforcement officials searched the vehicle and discovered four baggies containing 324 grams of methamphetamine, $7,930 in cash, and a pay/owe sheet.

On February 18, 2006, the Defendant entered into a plea agreement with the United States Attorney's Office, pleading guilty to possessing fifty grams or more of methamphetamine.  In return, the government agreed to recommend that the Defendant qualified for level 1 and level 2 reductions for acceptance of responsibility in accordance with the sentencing guidelines.  *See* U.S.S.G. §§ 3E1.1(a), (b).  Additionally, and at issue in this case, the government agreed that based on the information known to it at the time of the plea agreement, the Defendant may

1

qualify for the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  Under the safety valve provisions, the government may recommend a reduction below the mandatory minimum sentence if the government is satisfied that the defendant has truthfully provided to the government all information regarding offenses that were part of the defendant's same course of conduct.  18 U.S.C. § 3553(f) (2000).

However, at the Defendant's sentencing hearing, the government did not agree that the Defendant had provided all information relating to his course of conduct.  The government questioned the Defendant during three interviews.  In the first two interviews, the Defendant refused to reveal where he obtained the almost $8,000 in cash seized by the Orem Police.  When he finally explained that five prior drug deals were the source of the money, it was inconsistent with his previous statements that he had only sold drugs once and his later admission that he had sold drugs twice.  The government testified that it wasn't until the third interview that the Defendant began to be forthcoming.  Even after that interview, the government agent testified that he felt that the Defendant was only willing to tell what the government already knew.

The Defendant's failure to identify his supplier revealed even more disqualifying deception.  He claimed that he met a supplier at a bar, never learned his name, couldn't identify the person, and that the person then fronted him a large quantity of methamphetamine.  In the government's experience, it was not credible that a drug supplier would front drugs to someone without an existing relationship of trust.  Finally, the Defendant revealed the name of his supplier as a man known by the nickname Chuy.  When presented with a photograph of a drug supplier under prosecution in the same area, with the nickname Chuy, the same physical description, and the same distribution level, the Defendant refused to admit that the picture depicted his supplier.

2

As a result of the Defendant's refusal to cooperate and inconsistent and illogical explanations for his behavior, the government refused to recommend him for a reduction. The Court determined that the Defendant was not eligible for the safety valve and sentenced the Defendant to the mandatory minimum of 120 months. The sentence was affirmed on appeal to the Tenth Circuit. *United States v. Montoya*, 227 F.App'x 740 (10th Cir. 2007).

The Defendant alleges that the government's failure to recommend him for the safety valve constitutes a breach of his plea agreement with the government.

ANALYSIS

The party asserting a breach of a plea agreement has the burden of proving the underlying facts that establish a breach by a preponderance of the evidence. *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995). To prove a breach in this case, the Defendant must show that he met the criteria contained in § 3553(f), including the requirement that he truthfully provide the government with all information regarding the offense. *See United States v. Myers*, 106 F.3d 936, 941 (10th Cir. 1997) (citing *United States v. Acosta-Olivas*, 71 F.3d 375, 378-79 (10th Cir. 1995)). The Defendant has failed to carry this burden. Rather than pointing to any evidence that may establish a breach, the Defendant unfruitfully attempts to shift that burden by saying that the government cannot prove any underlying facts.

But the Defendant's refusal to provide complete and truthful information about his behavior and his supplier during a series of three interviews raised serious questions about the adequacy of his required disclosure. In the government's opinion, which must form the basis for its recommendation, the Defendant's story was not credible or complete and indicated a failure to comply with § 3553(f). Overwhelming authority in the Tenth Circuit supports the Court's denial of the safety valve reduction based on doubts about the Defendant's truthfulness in complying

3

with § 3553(f).  *See, e.g.*, *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1276-77 (10th Cir. 2004) (defendant not entitled to safety valve because the information he provided the government was incomplete or contradictory); *United States v. Roman-Zarate*, 115 F.3d 778, 784 (10th Cir. 1997) (where agents testified at the sentencing that the defendant had failed to fully disclose particular details of drug operations and that they believed the defendant had lied or was being evasive, the defendant was ineligible for sentencing reduction because he refused to provide information on others connected to the operation).

Furthermore, under the express terms of the plea agreement, the government's failure to recommend the safety valve reduction does not constitute a breach.  The plea agreement explicitly stated that if the government does not believe the Defendant has fulfilled the § 3553(f) requirement, it was free to so advise the court.  Plea Agreement at 5.  The government did not feel that the Defendant fulfilled the requirement, advised the court as such, and under the clear terms of the plea, did not breach the agreement.

CONCLUSION

Because the Defendant has failed to carry his burden of proving a breach of the plea agreement, the Defendant's motion is DENIED.

**IT IS SO ORDERED**

DATED this 18th day of March, 2008.

_____
Dee Benson
United States District Judge